UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 22 CR 566 |
| v. | ) | Honorable John F. Kness |
| | ) | |
| RICHARD DEAN DESAIN, | ) | |
| Defendant. | ) | |

SUPPLEMENT TO MR. DESAIN'S MOTION TO DEFER
ACCEPTANCE OF PLEA UNTIL SENTENCING HEARING

NOW COMES Defendant, RICHARD DEAN DESAIN, by and through his attorney, QUINN A. MICHAELIS, and respectfully submits this supplement to his Motion to Defer Acceptance of Plea Until Sentencing at Docket entry .

INTRODUCTION

On March 10, 2025, Mr. Desain filed a motion requesting this court defer acceptance of his plea[1] until sentencing, after the court has had an opportunity to review the Presentence Investigation Report. In response to this request, the court asked Mr. Desain for further explanation of two questions:

1) Is there a distinction between the "acceptance of a plea agreement" and an "acceptance of a plea" such that Mr. Desain could still be found guilty even

---

[1]Mr. Desain titled his motion for relief requesting a deferment of his plea until sentencing, but at various times in the initial motion used "acceptance of plea" interchangeably with "acceptance of plea agreement." This motion seeks to clarify now that Mr. Desain respectfully requests this court defer acceptance of his guilty plea to the time of sentencing.

1

    if the court withholds acceptance of the plea agreement under the language of Federal Rule of Criminal Procedure 11(c)(3)(A); and

2) If the Court accepts Mr. Desain's plea, will he have been "found guilty" for purposes of the mandatory detention provision of 18 U.S.C. §3143(a)(2)?

Mr. Desain submits that there is a distinction between the acceptance of a plea agreement and the acceptance of plea, and the court has discretion to defer acceptance of both, neither, or just one of these acts. Only the deferred acceptance of the plea saves Mr. Desain from mandatory detention. If the court defers acceptance of the plea until sentencing, Mr. Desain will not have been "found guilty" until such time his plea is accepted.

### 1. The distinction between the acceptance of a plea and the acceptance of a plea agreement as governed by Rule 11.

In *United States v. Hyde*, 520 U.S. 670 (1997) the defendant sought to withdraw his plea after the district court accepted his guilty plea, but deferred acceptance of the plea agreement until completion of the presentence report. The lower court reasoned that the defendant had an absolute right to withdraw his plea because the district court deferred acceptance of the plea agreement, which was 'inextricably bound' to the plea of guilt. *Id. at 673.* The Supreme Court rejected this reasoning. Distinguishing between acceptance of a guilty plea and acceptance of a plea agreement, the Supreme Court found that once a court has followed the requirements of Rule 11(c) and (d)[2], "it may, in its discretion, accept a defendant's

---

[2] The opinion uses the numbering from the version of the statute effective as of December 1, 1989. The relevant renumbered sections now are (b) and (c).

guilty plea." *Id.* at 674. This is separate and distinct from accepting a plea *agreement*, which contemplates the government's performance of its part of the plea bargain. *Id.* at 678. Because the court only deferred acceptance of the plea agreement, the defendant was required to show "fair and just reasons" for withdrawing his plea, and he failed to do so. *Id.* at 679-680.

The committee notes to the 2002 amendment of Rule 11 indicate that the amendment was intended to incorporate *Hyde*'s holding that "guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." Fed.RCrim.P 11 advisory committee note to Year 2002 amendment, citing *Hyde*, 520 U.S. at 674.

Subsequently, the Seventh Circuit addressed the withdrawal of a guilty plea where the district court explicitly deferred acceptance of both the plea and the plea agreement. *United States v. Shaker*, 279 F.3d 494 (7th Cir. 2002). There, the district court denied the defendant's motion to withdraw his plea before sentencing because he had not complied with Rule 32(e)[3], which required him to show "fair and just reasons" for withdrawal. The Seventh Circuit noted that it had previously encouraged district courts to defer acceptance of *pleas* until the PSR is reviewed. *Id.* at 497, citing *United States v. Ellison*, 835 F.2d 687, 689-90 & nn. 4-5 (7th Cir. 1987). It then held,

---

[3] The rule has since been renumbered and incorporated into Rule 11, as Rule 11(d)(2)(B).

> We view a guilty plea as a process involving both the defendant and the district court, and culminating in the court's acceptance of the plea. The tenor of the Supreme Court's opinion in *United States v. Hyde* supports our understanding that acceptance is a crucial part of this process. (Rule 11 lists "steps a district court must take `[b]efore accepting a plea of guilty,' and without which it `shall not accept a plea of guilty.' Based on this language, we conclude that once the court has taken these steps, it may, in its discretion, accept a defendant's guilty plea."). Indeed, until the plea is accepted it might be said that there is nothing for the defendant to withdraw.

*Shaker*, 279 F.3d at 498 (7th Cir. 2002) (internal citations omitted). If the district court had deferred only the acceptance of the plea agreement, then the plea itself would have been accepted, and the defendant could only withdraw his plea for "fair and just reasons." But because the district court deferred acceptance of the plea, "the district court had not yet agreed to accept it," and under Rule 32(e), the defendant could withdraw his plea without having to give any reason at all. *Id.* at 498.

Thus, under Rule 11, accepting a plea and accepting a plea agreement are related but distinct, and involve different consequences for a defendant. More importantly, the court has discretion to accept them at different times. The plain wording of the rule supports this conclusion by distinguishing between accepting the plea and accepting the plea agreement in various subsections, most notably when discussing the required showings to withdraw a plea. This court has discretion to accept or defer acceptance of either Mr. Desain's plea or his plea agreement. However, if the court explicitly defers acceptance of *only* the plea agreement, the acceptance of the guilty plea will not be presumed to have been

4

deferred as well, and the mandatory detention provision of § 3143(a)(2) will be triggered.

### 2. The meaning of "found guilty" under 18 U.S.C. § 3143(a)(2).

As noted above, the Seventh Circuit described a guilty plea as "a process involving both the defendant and the district court, and culminating in the court's acceptance of the plea." *Shaker*, 279 F.3d at 498. In *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), our Circuit found that a magistrate judge may only conduct a Rule 11(b) colloquy for purposes of making a report and recommendation to the district court, and that the Federal Magistrates Act does not authorize a magistrate judge to accept a guilty plea. This is because "[o]nce a defendant's guilty plea is *accepted*, the prosecution is at the same stage as if a jury had returned a verdict of guilty after a trial…[T]he acceptance of a guilty plea is dispositive. It results in a final and consequential shift in the defendant's status." *Id.* at 589. (emphasis added.)

Under this reasoning then, it follows that only once the court *accepts* a defendant's guilty plea, will he have been "found guilty" for purposes of §3143(a)(2), and subject to its mandatory detention provision. Even if the court administers the plea colloquy and all of the requirements of Rule 11 are met, Mr. Desain would not be "found guilty" until the court accepts his plea.

A magistrate judge in the Southern District of New York came to this same conclusion when asked by the government to reconsider a post-plea bail order. In *United States v. Norfleet*, 185 F.Supp. 2d 315 (S.D.N.Y. 2002), a defendant on bond

appeared before the district court to enter a plea of guilty, and the matter was referred to the magistrate judge to conduct the Rule 11 plea colloquy. After that hearing, the government moved to have the defendant's bail revoked under 18 U.S.C. § 3143(a) because the defendant "had been found guilty" of a controlled substance offense with a maximum term of imprisonment of more than ten years. *Id.* at 318. The magistrate judge denied the government's motion to revoke the defendant's bond because "a plea allocution, resulting in a Report and Recommendation to the District Judge, does not qualify as a finding of guilt." *Id.* More specifically, "this is not a finding of guilty as required in order for the provisions of 18 U.S.C. § 3143 to apply." *Id.* at 319. The magistrate judge relied on *United States v. McAllister*, 974 F.2d 291, 292 (2nd Cir. 1992), which held that the "plain language" of § 3143 was to be applied, and that the plain language of the statute required a defendant to be "found guilty of an offense" to be subject to mandatory detention, which had not yet occurred. *Norfleet*, 185 F. Supp at n. 6.

Under this plain reading of §3143, a defendant is only "found guilty" once the court completes the taking of a plea by accepting that plea.

## CONCLUSION

For Mr. Desain's purposes, the court has the discretion to defer the acceptance of his plea until the sentencing hearing, under Rule 11, *United States v. Hyde*, 520 U.S. 670 (1997), and *United States v. Ellison*, 835 F.2d 687, 689-90 & nn. 4-5 (7th Cir. 1987). If the court exercises that discretion, then Mr. Desain will not have been "found guilty" for purposes of the mandatory detention provisions of 18

U.S.C. §3143(a). If, on the other hand, the court defers acceptance of only the plea agreement, as Mr. Desain originally requested, then by accepting the plea, Mr. Desain will have been "found guilty," and must be detained. Mr. Desain respectfully requests that this court defer acceptance of his plea, and thus deferring the finding of guilt required to trigger mandatory detention under 18 U.S.C. § 3143 until his sentencing.

Respectfully submitted,
/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney for Richard Dean Desain
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I electronically filed the above

SUPPLEMENT TO MR. DESAIN'S MOTION TO DEFER ACCEPTANCE OF PLEA UNTIL SENTENCING HEARING

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on March 28, 2025.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for Richard Dean Desain
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920